IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANTWAN D. COVINGTON, et al. :
:
v. : Civil No. WMN-07-1761
:
KENNEDY KRIEGER INSTITUTE :
INC., et al. :

**MEMORANDUM**

Before the Court is Plaintiffs' motion to remand this action to the Circuit Court for Baltimore City, Maryland. Paper No. 26.[1] The motion has been fully briefed and is now ripe for review. Upon review of the pleadings and the applicable case law, the Court determines that no hearing is necessary and that the motion for remand will be granted.

This action arises out of Plaintiffs' participation in a non-therapeutic research program known as the "Lead-Paint Abatement Repair and Maintenance Study" (the study). On August 14, 2007, the Court issued a memorandum opinion and order granting a motion to remand in a case involving the same study.

---

[1] Also pending before the Court is Defendants' Motion to Dismiss for Failure to Join a Rule 19 Party, or in the Alternative, Motion to Join the EPA. Paper No. 15. As the Defendants raise essentially the same arguments in their motion to dismiss as they do in opposition to the motion to remand, the motion will be denied.
  Defendants also have moved for leave to file a surreply in order to respond to Plaintiffs' request for attorney's fees and costs, which Plaintiffs raised in their reply. Paper No. 30. Plaintiffs, in their opposition to the motion, withdrew their request for attorney's fees. Paper No. 31, ¶ 3. To the extent Plaintiffs still seek costs, the Court denies their request and Defendants' motion is denied as moot.

<u>Wallace, et al. v. Kennedy Krieger Institute, Inc.</u>, No. 07-1140 (D. Md. Aug, 14, 2007). Plaintiffs in the instant case, as in <u>Wallace</u>, are siblings who participated in the study as minor children, namely Antwan D. Covington, born on March 9, 1992, and Kimberly Harper, born on June 11, 1990, and who are alleged to have resided in a home categorized under the study as Group Level II. The complaint in the instant action is virtually identical to that in <u>Wallace</u> and asserts the same counts of negligence, negligent misrepresentation, civil conspiracy, and breach of fiduciary duty against essentially the same Defendants, including Kennedy Krieger Institute, Inc. (KKI), Mark Farfel, director of the Division of Lead Poisoning Prevention at KKI and project manager of the study, Johns Hopkins University (JHU), and the Internal Review Board of the Johns Hopkins University School of Medicine's Joint Committee on Clinical Investigation (IRB).[2] Compl. ¶¶ 53-63, 69-114.

On May 17, 2007, Plaintiffs brought the instant action in

---

[2]The only significant difference between the allegations in the complaints in <u>Wallace</u> and the instant case is that Plaintiffs also assert three counts - negligence, negligent misrepresentation, and violation of the Maryland Consumer Protection Act (CPA) - against the owners and operators of two residences in which Plaintiffs resided prior to entrance into the R&M study. Compl. ¶¶ 37-52. As these three counts arise entirely under Maryland law and it is not alleged that any of these Defendants acted under an officer of the United States, the inclusion of these claims also would weigh in favor of remand.
  Plaintiff also asserts one count against the KKI and IRB Defendants as well as the owners and operators of the study house for violation of the CPA. Compl. ¶¶ 64-68.

2

the Circuit Court for Baltimore City, Maryland.  Defendants removed this action on the same grounds asserted in Wallace, that KKI and Farfel are entitled to removal pursuant to 28 U.S.C. § 1442(a)(1), as persons acting under an officer of the United States and that JHU and the IRB are entitled to removal pursuant to 28 U.S.C. § 1441, alleging federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

For the reasons set forth fully in the Court's memorandum opinion in Wallace, the Court concludes that removal was not justified under 28 U.S.C. § 1442(a)(1) because the conduct underlying Plaintiffs' claims was not performed at the direction of a federal officer and under the color of federal office.  See Wallace, slip op. at 5-10.  Furthermore, the Court concludes for the reasons set forth in Wallace that, with regard to removal under 28 U.S.C. § 1331, federal question jurisdiction is not appropriate given that the essential elements of Plaintiffs' state law claims may exist independent of any regulatory duties, and because a violation of those duties do not give rise to a private federal cause of action.  Id. at 10-13.

Plaintiffs' Motion for Remand will be granted.  A separate order consistent with this memorandum will follow.

/s/

_____
William M. Nickerson
Senior United States District Judge

Dated: October 12, 2007

3